IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD HAND, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:12-cv-00176-JRH-WLB |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC.; | ) | |
| LASALLE BANK, N.A.; | ) | |
| CENLAR FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AND CENLAR FEDERAL SAVINGS BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendants Bank of America, N.A. ("BANA"), as successor by merger to LaSalle Bank, N.A. ("LaSalle"),[1] and Cenlar Federal Savings Bank (Cenlar) (collectively, "Moving Defendants"), by and through counsel, and file this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint ("Complaint").

---

[1] As of October 17, 2008, LaSalle Bank, N.A. merged with and into Bank of America, N.A. and no longer exists as a separate legal entity. Therefore, Bank of America, N.A. files this Memorandum of Law as successor by merger to LaSalle Bank, N.A.

## INTRODUCTION AND FACTUAL BACKGROUND[2]

Plaintiff filed this action on March 16, 2010 in the Superior Court of Richmond County, Georgia. Cenlar filed its Answer and Affirmative Defenses to the Complaint with the superior court on April 23, 2010. While BANA contends that neither it nor its predecessor by merger LaSalle was properly served with a copy of the Summons and Complaint, it filed its protective Answer to Complaint and Affirmative Defenses with the superior court on November 17, 2011.

Defendant Citimortgage, Inc. ("CMI"), as successor by merger to ABN AMRO Mortgage Group, Inc. ("ABN"), was substituted for ABN as a party defendant by order of the superior court dated October 25, 2012. (Moving Defendants herein refer to CMI and themselves as the "Defendants.") CMI removed this action to this Court on November 21, 2012, with the consent of Moving Defendants, based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

---

[2] The "facts" and "allegations" set forth herein are taken from the Complaint and documents that are either attached to, or referenced in, the Complaint and therefore can properly be considered by the Court in connection with this Motion to Dismiss. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). These "facts" are presented only for purposes of this Motion; Moving Defendants do not admit them by including them here.

This lawsuit arises out of events concerning the administration and servicing of Plaintiff's December 31, 2002 mortgage loan regarding the property located at 3928 Mike Padgett Hwy, Augusta, Georgia 30906 (the "Property"). While the bulk of the Complaint consists of a rambling and confusing narrative, Plaintiff appears to aver that Defendants, which are each alleged to have serviced the loan during the six-year time period covered in the Complaint, committed multiple accounting and billing errors on his account. *See, generally,* Compl.

Notably, the Complaint filed in this action is an ***exact*** replica of a Complaint which Plaintiff filed as an Adversary Proceeding in his Chapter 13 bankruptcy case on June 3, 2008, Chapter 13 Case No. 04-11178, United States Bankruptcy Court for the Southern District of Georgia (the "Chapter 13 Case"), Adversary Proceeding No. 08-01023 (the "Adversary Proceeding"). *See* Notice of Supplemental Authority, Exh. A. On April 2, 2004, Plaintiff initiated the Chapter 13 Case by the filing of a voluntary petition. Plaintiff debtor objected to ABN's proof of claim relating to the subject loan and on January 28, 2005, the Bankruptcy Court entered a consent Order fixing the amount of ABN's claim for pre-petition arrearages at $1,428.95 (the "Jan. 28, 2005 Consent Order"). *Id.,* Exh. B.

Plaintiff received a discharge effective June 1, 2007. After Plaintiff filed a motion to reopen the case and filed the Adversary Proceeding on June 3, 2008, the

Bankruptcy Court entered an Order on March 26, 2009 granting defendants' (the same defendants as here – ABN (predecessor by merger to CMI), LaSalle, and Cenlar) motion to dismiss the Adversary Proceeding (the "March 26, 2009 Order"). *Id.,* Exh. C. In dismissing the exact same claims advanced by Plaintiff here, the Court specifically held that (1) to the extent that Plaintiff sought to re-litigate the propriety of the loan's pre-petition, pre-confirmation accounting, any such claims were barred by the *res judicata* effect of the Jan. 28, 2005 Consent Order; and (2) to the extent that Plaintiff sought to litigate the propriety of post-confirmation and post-discharge accounting, such claims (if any) derive from state law and are not subject to the Bankruptcy Court's jurisdiction; and (3) Defendants' alleged conduct did not violate either the bankruptcy stay or the discharge. *Id.*

Rather than recast his claims to comport with the Bankruptcy Court's March 26, 2009 Order, Plaintiff filed the exact identical Complaint with the Superior Court of Richmond County, Georgia, not even bothering to change his self-references from "Debtor" to "Plaintiff." *See* Compl.

While most of the Complaint is incomprehensible, Plaintiff appears to set forth a series of servicing and accounting errors by former lender/servicer ABN and current lender/servicer LaSalle (now BANA). Since the inception of his loan, Plaintiff states that he has been paying taxes and insurance into escrow on a

4

monthly basis. *See, generally,* Compl.  Despite allegedly making all payments in a timely manner, Plaintiff avers that ABN wrongfully force-placed insurance and assessed the premiums against him, causing Plaintiff to go into default even though he was timely making payments and was maintaining property insurance. *See Id., e.g.,* ¶¶ 43, 54, 70,   Plaintiff further claims that these improper charges added to his balance placed him in peril of losing the property in foreclosure, requiring him to file the Chapter 13 Case petition which he purportedly otherwise would never have had to file. *Id.,* ¶ 43.  As a result, Plaintiff alleges that he has improperly been assessed ABN's attorney's fees and other bankruptcy- and foreclosure-related costs. *Id.,* ¶¶ 159-165.  Plaintiff also appears to argue that imposition of these fees post-confirmation violates the automatic bankruptcy stay and is otherwise improper because bankruptcy court approval of the fees wasn't obtained. *Id.,* ¶ 159.

In general, Plaintiff asserts that proper credit has not been given for the payments he has made, that fees were improperly added to his balance, and that every assertion of default is due to these various errors. *See, generally,* Compl. Again, both the Complaint and its prayer for relief are unclear about exactly what claims for relief are being brought, but it appears that Plaintiff seeks recovery on 4 claims: (1) Breach of Contract, (2) Conversion, (3) Violations of the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and (4) Violations of O.C.G.A. §13-1-11's requirements for assessment of attorney's fees. *Id.,* ¶¶ 144-179.

In filing the same Complaint as that dismissed by the Bankruptcy Court in its March 26, 2009 Order, insofar as Plaintiff here asserts claims which the Bankruptcy Court dismissed based on the doctrine of *res judicata*, they are barred in this action as well and must be dismissed. The same is true of Plaintiff's assertions in the instant lawsuit that Defendants violated the bankruptcy stay or discharge, which are also barred by the doctrines of *res judicata* and/or collateral estoppel. With respect to Plaintiff's state law claims which were not addressed by the Bankruptcy Court in dismissing the Adversary Proceeding, Plaintiff has wholly failed to allege sufficient factual matter to establish any of the individual causes of action he appears to assert in this action. Assuming the truth of Plaintiff's bare and conclusory assertions of wrongdoing for the purposes of the instant motion, for the reasons discussed below, Plaintiff has failed to state a claim for any of his individual causes of action and they must be dismissed with prejudice.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a Complaint for "failure to state a claim upon which relief can be granted." In ruling on the

pending motion to dismiss, all of the well-pled factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. *See Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U, S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United*

7

*Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL.**

Plaintiff filed a previous lawsuit which involved the Property and the loan currently at issue and which set forth the exact same factual allegations. *See* Notice of Supplemental Authority, Exh. A. That Complaint was dismissed by the Bankruptcy Court. *Id.,* Exh. C. To the extent that Plaintiff seeks here to re-litigate issues or claims previously dismissed by the Bankruptcy Court, those claims are barred by the doctrines of *res judicata* and collateral estoppel.

Under the doctrine of *res judicata*, a claimant cannot re-litigate a claim that has already been subject to a final judgment on the merits. *In re Omine*, 485 F. 3d 1305, 1311-12 (11th Cir. 2007). A party seeking to invoke the doctrine of *res judicata* must satisfy four initial elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." *Id.*

Additionally, collateral estoppel bars re-litigation of an issue previously decided "if the party against whom the prior decision is asserted had a full and fair

8

opportunity to litigate that issue in an earlier case." *United States v. Weiss*, 467 F.3d 1300, 1308 (11th Cir. Fla. 2006) (citation omitted).  The party seeking to invoke collateral estoppel "must establish that (1) the issue in the pending case is identical to that decided in a prior proceeding; (2) the issue was necessarily decided in the prior proceeding; (3) the party to be estopped was a party or was adequately represented by a party in the prior proceeding; and (4) the precluded issue was actually litigated in the prior proceeding. *Id.*

Here, Plaintiff previously filed the exact same lawsuit in the Bankruptcy Court.  Notice of Supplemental Authority, Exh. A.  In dismissing that Complaint and the same claims advanced by Plaintiff here, the Court specifically held that (1) to the extent that Plaintiff sought to re-litigate the propriety of the loan's pre-petition, pre-confirmation accounting, any such claims were barred by the *res judicata* effect of the Jan. 28, 2005 Consent Order; and (2) to the extent that Plaintiff sought to litigate the propriety of post-confirmation and post-discharge accounting, such claims (if any) derive from state law and are not subject to the Bankruptcy Court's jurisdiction; and (3) Defendants' alleged conduct did not violate either the bankruptcy stay or the discharge. *Id.*

As the Bankruptcy Court rendered a final decision in the Adversary Proceeding, Plaintiff's attempt here to re-litigate the same issues is barred by *res*

*judicata*. *See* Notice of Supplemental Authority, Exhs. A, C; *In re Omine*, 485 F. 3d at 1311-12. In addition, Plaintiff had a "full and fair opportunity" to litigate these issues in the prior proceeding. Therefore, the doctrine of collateral estoppel also bars Plaintiff's claims of pre-petition billing errors and for violation of the discharge. *See Weiss*, 467 F.3d at 1308. To the extent that Plaintiff's causes of action rely upon these barred issues, they must be dismissed with prejudice.

## II. THE COMPLAINT IS A SHOTGUN PLEADING THAT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 8 AND 12(b)(6).

In addition to being barred by the doctrines of *res judicata* and collateral estoppel, Plaintiff's Complaint also must be dismissed as a "shotgun pleading." At base, the Complaint consists of bald legal conclusions lacking any factual support whatsoever that could raise Plaintiff's right to relief above a speculative level. As a result, the Complaint must be dismissed with prejudice under both Rule 12(b)(6) and Rule 8.

In order to survive a Rule 12(b)(6) motion to dismiss, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (May 18, 2009); *see also*

*Twombly*, 550 U.S. at 555.  Under *Twombly* and *Iqbal*, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing.  *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 570.

To properly state a claim, a plaintiff must allege a factual basis for each element of each claim that he or she asserts, setting forth "enough factual matter (taken as true) to suggest [each] required element." *See Watts v. Fla. Intern. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." *Poblete v. Goldberg*, 680 F. Supp. 2d 18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice the complaint where the complaint was comprised of confusing legal theories and insufficient factual pleadings).

Here, Plaintiff's Complaint is entirely deficient.  The Complaint consists of unorganized paragraphs of often rambling and incomprehensible allegations. These deficiencies alone warrant dismissal. *See Poblete*, 680 F. Supp.2d 18 (D.D.C. Dec. 29, 2009).

Moreover, Plaintiff does not set forth any of the essential terms of the mortgage loan which pertain to the assessment of fees or expenses. As a consequence, Plaintiff fails to allege sufficient content to enable a determination whether Defendants' conduct was inconsistent therewith.

In sum, Plaintiff's Complaint is a "shotgun" pleading that is replete with conclusory speculations of unspecified wrongdoing, and it fails to state any plausible claim against Moving Defendants. A claim for relief must ultimately contain more than labels and conclusions. *Twombly*, 550 U.S. at 555. Simply concluding that a defendant has harmed a plaintiff, as Plaintiff has asserted here, completely fails to meet minimum pleading standards. *See Iqbal*, 129 S. Ct. at 1949. As such, the Complaint fails to place Moving Defendants on reasonable notice of the substance of the dispute and must be dismissed pursuant to both Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6).

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Although the Complaint should be dismissed for the foregoing reasons alone, each of Plaintiff's purported legal theories, to the extent they can be discerned, also fails as a matter of law. Each of Plaintiff's purported claims is either erroneous or improperly pled and is therefore subject to a dismissal as a matter of law for failure to state a cognizable claim.

### A. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

Plaintiff asserts that the terms of his mortgage loan contract were breached by Moving Defendants in a number of respects. In order to properly assert a claim for breach of contract in Georgia, Plaintiff must show (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *See Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306 (2012). Plaintiff here has failed to show that the loan agreements have been breached by Moving Defendants, instead offering only conclusory and unsupported assertions of breach.

Plaintiff alleges that Moving Defendants charged him post-petition fees without obtaining approval from the Bankruptcy Court. *See* Compl. ¶ 159. However, the Bankruptcy Court's March 25, 2009 Order held that Plaintiff's pre-petition fees had been fixed by the Jan. 28, 2005 Consent Order and that post-petition fees did not require Bankruptcy Court approval. *See* Notice of Supplemental Authority, Exh. C. As such, Plaintiff's breach of contract claim on these issues is barred by the doctrine of *res judicata*.

Plaintiff asserts that he has been charged unauthorized fees, but he fails to demonstrate that any such fees were actually not authorized under his loan documents. *See, e.g.,* Compl. ¶ 144. The same is true of Plaintiff's contention of

improperly-credited payments – Plaintiff has failed to demonstrate that the application of payments failed to adhere to contractual requirements.

In addition, the failure to allege that a specific provision of a contract was breached is sufficient cause to support a motion to dismiss. *See Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. Apr. 5, 2006) (citing *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005)) ("Because [plaintiff] cannot point to any contractual provision that [defendant] breached by failing to act in the manner set forth above, [plaintiff] cannot state a claim for breach of contract based on these allegations."). At no point does Plaintiff identify any specific contractual provisions which he alleges have been breached.

For all of these reasons, Plaintiff fails to state a claim for breach of contract and this insufficient cause of action must be dismissed.

**B.     PLAINTIFF FAILS TO STATE A CLAIM FOR CONVERSION.**

Plaintiff asserts that the aforesaid alleged misapplication of payments and imposition of unauthorized fees also amount to a conversion of his personal property. *See* Compl. ¶¶ 168-169. As discussed *supra,* Part III.A., Plaintiff has failed to show that his payments were misapplied or that he was assessed improper

fees. Beyond these underlying factual deficiencies, Plaintiff also fails to allege all of the elements required to set forth a claim for conversion.

In order to make a *prima facie* case of conversion in Georgia, a plaintiff must prove the following five elements of the tort: (1) proof of ownership or title in the plaintiff to the disputed property, or the plaintiff's right to immediate possession of the property; (2) actual possession of the property by the defendant; (3) demand by the plaintiff for the return of the property; (4) the defendant's refusal to return the property; and (5) the value of the property. *See Eleison Composites, LLC v. Wachovia Bank, N.A.,* 267 Fed. Appx. 918, 923 (11th Cir. 2008) (citations omitted).

Here, Plaintiff does not allege that he has demanded the return of any money, that either of the Moving Defendants has refused that demand, or the value of the disputed items. *See, generally,* Compl. As a consequence, Plaintiff fails to state a claim for conversion. This inadequate cause of action must be dismissed pursuant to Rule 12(b)(6).

    **C.    PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF RESPA.**

Plaintiff asserts that the alleged misapplication of payments and imposition of unauthorized fees also constitute a violation of RESPA. Compl. ¶ 176. Plaintiff also alleges that he submitted a Qualified Written Request ("QWR") to Moving

15

Defendants and quarrels with the accuracy of the response he received. *Id.,* ¶¶ 156-158. As a threshold matter, Plaintiff fails to state which sections or provisions of RESPA are implicated by his allegations. Nevertheless, Plaintiff fails to make out a claim under RESPA because simply questioning the accuracy of a QWR response does not equate to a violation of the statute.

Putting aside for the moment whether Plaintiff's request is a valid QWR under RESPA, the statute provides that once a servicer receives a QWR, it may comply with the statute as follows:

> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--
> (i) to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and
> (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2)(B).

Plaintiff acknowledges that he received a response to his request dated October 16, 2007 which included "detailed information regarding [Plaintiff's] account[.]" *See* Compl. ¶ 135, Exh. SSS. Plaintiff's own allegations and the exhibit attached support that Moving Defendants responded to the request, provided detailed information, and produced documentation to support its account calculations. *Id.* As such, Plaintiff has demonstrated that Moving Defendants

complied with their obligations under RESPA. This count must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF O.C.G.A. § 13-1-11.

Plaintiff avers that Moving Defendants are attempting to collect attorney's fees without complying with the requirements of O.C.G.A. § 13-1-11. *See* Compl. ¶ 163. This statute provides that before these fees can be assessed against an obligor, written notice must be provided to the obligor in advance giving an opportunity to pay the account and avoid imposition of the fees. O.C.G.A. § 13-1-11. However, Plaintiff admits that he received such a letter. *See* Compl. ¶ 40, Exh. T. This allegation defeats any claim that the statute has been violated by Moving Defendants. To the extent that Plaintiff advances such a claim, it must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Moving Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim.

This 28th day of November, 2012.

                              /s/ Andrew G. Phillips
                              Andrew G. Phillips
                              Georgia Bar No. 575627
                              McGuireWoods LLP
                              1230 Peachtree Street, NE
                              Promenade II, Suite 2100
                              Atlanta, Georgia  30309-3534
                              (404) 443-5724 (telephone)
                              (404) 443-5773 (facsimile)
                              aphillips@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., and Cenlar Federal Savings Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD HAND, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:12-cv-00176-JRH-WLB |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC.; | ) | |
| LASALLE BANK, N.A.; | ) | |
| CENLAR FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that on November 28, 2012, I electronically filed the foregoing *DEFENDANTS BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AND CENLAR FEDERAL SAVINGS BANK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT* with the Clerk of the Court using the CM/ECF System, which will electronically deliver a copy to the counsel and parties of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                          /s/ Andrew G. Phillips
                                            Andrew G. Phillips