IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD HAND, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:12-cv-00176-JRH-WLB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CITIMORTGAGE, INC.; | ) | |
| LASALLE BANK, N.A.; | ) | |
| CENLAR FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS, BANK OF
AMERICA, N.A., AS SUCCESSOR BY MERGER TO LASALLE
BANK, N.A., AND CENLAR FEDERAL SAVINGS BANK'S, MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, Richard Hand, (hereinafter "Hand") and files this

his Memorandum Of Law in response to the Defendants', Bank of America, N.A.,

as successor by merger to Lasalle Bank, N.A., and Cenlar Federal Savings Bank

(collectively, "Moving Defendants"), Motion To Dismiss. (hereinafter

"Defendants") Said Memorandum of Law is being filed by and through counsel for

Hand.

## INTRODUCTION

"Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it

it beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is

untimely when presented after the filing of an answer." In re Stevens, 458 B.R. 852

(Bankr. Maryland 2011) Federal Rule Civil Procedure 12(b)(6)

When deciding a Motion To Dismiss the court must accept all of the

Plaintiff's factual allegations as true and reasonable inferences. Highon v. King &

Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2239 (1984). Dismissal would only be

appropriate if, accepting as true all facts set forth in the complaint, the Plaintiff has

not pled enough facts to state a claim for relief. Bell Atlantic Corp. v. Twomby, 127

S. Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007). A compliant is plausible on its face

when a Plaintiff pleads factual content necessary for the court to draw the

reasonable inference that the Defendant(s) is liable for the conduct alleged by the

Plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.T. 1937, 173 L.Ed. 2d 868

(2009) quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L. Ed. 2d 929 (2007).

## SUMMARY OF FACTS

On or about December 31, 2002, Hand signed a Security Deed and Warranty Deed to purchase his home on Mike Padgett Highway in Augusta Georgia. (Complaint Paragraph No. 7 and Exhibit A) Hand's payment of $526.46 became payable to ABN beginning February 1, 2003. (Complaint Exhibit B) The payment was computed as follows: principal and interest $438.24, PMI $28.84, Property Tax Reserve $25.05 and Hazard Ins. $34.33. (Complaint Exhibit B) On April 2, 2004, Hand filed for relief pursuant to Chapter 13 of the United States Bankruptcy Code (Complaint Paragraph 43). Hand's Chapter 13 plan provided for direct payments to ABN AMRO (hereinafter "ABN"). Any delinquent amounts would be paid via the Chapter 13 Trustee as an arrearage claim. (Complaint Paragraph 44) As evidenced by the Trustee's Report of Confirmation, ABN filed a proof of claim asserting an amount owed as of the date of filing in the amount of $73,004.12. According to this proof of claim the amount Hand was behind on the date of the bankruptcy filing was $4,529.35. (Exhibit CC to Complaint) Hand filed an objection to ABN's proof of claim. (Bankruptcy Case No. 04-11178 Dckt. No. 24) ABN, by and through counsel, filed a response to the objection and request for a hearing alleging that the claim, as filed, was accurate. (Bankruptcy Case No. 04-11178 Dckt. No. 26) At the hearing on Hand's objection, ABN conceded that

their claim was overstated by $3,100.40. A consent order was entered reducing the pre petition arrearage claim from $4,529.35 to $1,428.95. (Bankruptcy Case No. 04-11178 Dckt. No. 34)

ABN serviced Hand's mortgage from February 2003 until the servicing rights were assigned to LaSalle on July 1, 2007. (Complaint Paragraph No. 114 and 116) LaSalle serviced Hand's mortgage until late 2007 or early 2008. (Complaint Paragraph No. 135 and 136). Cenlar nor LaSalle ever notified Hand that the servicing of his mortgage was assigned from LaSalle to Cenlar. (Complaint Paragraph No. 137) Both LaSalle and Cenlar adopted ABN's accounting methods; charging to Hand and collecting from Hand unauthorized fees and expenses to include inflated escrow amounts. (Complaint Paragraph 144)

On June 3, 2008, an Adversary was filed in the Bankruptcy Court. Hand v. ABN AMRO Mortgage Group, Inc., LaSalle Bank, N.A., and Cenlar Federal Savings Bank, Adversary No. 08-01023 (S.D. Ga. 2008). (Hereinafter "Adversary')This Adversary asserted the following violations: 11 U.S.C. Section 362, 11 U.S.C. Section 506(b), Bankruptcy Rule 3001, Bankruptcy Rule 2016(b), Contempt of Bankruptcy Court Order of Confirmation, Contempt of Bankruptcy Court order of Discharge, O.C.G.A. 13-1-11, Breach of Contract, Conversion and RESPA. On or about August 14, 2008, a MotionTo Dismiss was filed on behalf of all three defendants by one law firm acting as attorney of record for all Defendants.

The Motion argued that all post confirmation causes of action should be decided under state law in a forum other than Bankruptcy Court. The Bankruptcy Court agreed. An order was entered dismissing the Adversary on March 26, 2009. (Adversary No. 08-01023 Dckt. No. 23) The Court dismissed all bankruptcy code causes of action based upon the res judicata effect of the order of confirmation and order on Debtor's objection to the claim of ABN. As to the causes of action based upon violations of RESPA, O.C.G.A. Section 13-1-11, breach of contract, and conversion, the court held that while Hand was entitled to pursue those causes of action in a court of competent jurisdiction that court was not the bankruptcy court. (Order Motion To Dismiss Adversary #08-01023 Dkt. No. 23 pages 29-30)

Contrary to the assertions of counsel for Defendants, the compliant filed in the case before this court is not "identical" to the Adversary complaint nor it is a "replica." A cursory review of the both complaints evidences the same. Perhaps counsel inadvertently referenced the Adversary complaint when preparing the Motion To Dismiss.

The complaint at issue is a chronological history of Hand's fight to keep his home. Hand feels as though he has been made a victim and wants the court and a jury to understand why. While he was in his Chapter 13 case Hand was essentially abandoned by his attorney. Hand's case was taken over by the firm of Claeys McElroy Magruder & Kitchens. The aforementioned Adversary was filed at his

- 5 -

request. While Hand's opinion of attorneys has been rehabilitated, his opinion of the mortgage industry has not. Hand was referred to in the complaint as a Debtor because that is what he is in relation to these mortgage companies.

Hand and his wife have diligently documented their dealings with their mortgage companies and have maintained a copy of all correspondence. The filing of the aforementioned Adversary was their last resort. Counsel for Defendants describes the Hand complaint as "rambling," "confusing," and "incomprehensible." If it is that is because the correspondence from the Defendants and their accounting procedures make little to no sense. It took hours of viewing the documents attached to this complaint to piece together what money was paid to Defendants and how that money was applied - or not applied. If the Defendants' own attorney finds his clients accounting "confusing" and "incomprehensible" it is  not surprising that Mr. Hand is at a loss to explain it too. In an effort to fully disclose all documents and communications between Hand and the Defendants those documents and communications have been provided via the complaint rather than in response to discovery. To omit any fact would be to discount Hand's considerable efforts to honor his contract with the Defendants and his pleas that they do the same.

In the complaint Hand asserts the same state law causes of action as in the

Adversary. They are as follows: Breach of Contract, violation of O.C.G.A. Section 13-1-11, Conversion, RESPA violations and a violation of O.C.G.A. Section 7-4-17. The Motion To Dismiss filed in the Adversary sought dismissal of these same causes of action. In the motion before this court, the Defendants outline the above referenced violations and again seek their dismissal. Hand has alleged facts sufficient to support a claim for violation of all of the above. And, Hand has offered evidence supporting his allegations.

### STANDARD OF REVIEW

Hand does not disagree with any of Defendants' assertions in their Standard of Review. Hand has not made unsupported conclusions of law. To the contrary, Hand has provided to Defendants all documents in his possession which support his claims. Hand has offered up a detailed explanation of Defendants' violations. Hand believes that he has met the burdens set forth in the cases referenced by the Defendants.

### ARGUMENT

### 1. HAND'S CLAIMS ARE NOT BARRED BY THE DOCTRINE OF RES JUDICATA OR COLLATERAL ESTOPPEL

Hand agrees that he cannot re litigate a claim that has already been subject to a final judgment on the merits. The Bankruptcy Court, while ruling on all causes of action based upon the bankruptcy code, specifically declined to rule on the state law issues. (Order Motion To Dismiss Adversary No. 08-01023)

Defendants have failed to satisfy all of the four elements of res judicata as outlined in In re Omine, 485 F.3d. 1305, 1311-12 (11th Cir. 2007). The prior Bankruptcy Court ruling on the Motion To Dismiss collectively filed by all three Defendants in Adversary No. 08-01023 specifically held that jurisdiction was not proper in that court. (Adversary Dckt. No. 23 pages 28 - 30) There was no judgment on the merits of any of the state law claims.

For those same reasons Defendants' allegations of collateral estoppel fail as well. While the issues set forth in the case at bar were also asserted in the adversary, those issues were not decided or litigated but dismissed for jurisdictional reasons. Therefore, Hand did not have a "full and fair opportunity to litigate" the state law causes of action in the prior case. Therefore, Defendants have failed to meet the burdens set forth in United States v. Weiss, 467 F.3d 1300 (11th Cir. Fla. 2006).

## 2. HAND'S COMPLAINT IS NOT A SHOTGUN PLEADING THAT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 8 AND 12(B)(6)

The fact that Defendants address all of the issues of state law set forth by Hand in both this Motion To Dismiss and the Motion To Dismissed filed in the Adversary case show to the court that the Complaint contained a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no prohibition to Hand supplementing this statement with facts

and evidence to support his claim and offer some history of his dealings with the parties. Hand did more than put Defendants on notice of their violations, Hand offered supporting facts and documents. The relationship between Hand and these Defendants did not begin the moment the Bankruptcy Court entered the order on Hand's objection to claim. To proceed as though it did would rob Hand of his ability to show to the court that these Defendants are engaging in activities that show a patter and practice of violating state and federal laws. The actions of these Defendants were not inadvertent scrivnor's errors which caused unavoidable overcharges to Hand. Instead they represent a systematic attempt to overcharge homeowners - causing many to loose their homes.

## 3. HAND'S COMPLAINT DOES NOT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

LaSalle (now BANA) filed their answer to Hand's complaint on November 17, 2011. Cenlar filed it's answer on April 23, 2010. Now over a year later Defendants have filed this untimely Motion To Dismiss. Assuming the court allows the Defendants to proceed with their untimely Motion To Dismiss Hand offers the following:

– 9 –

## A. <u>BREACH OF CONTRACT</u>

"Under Georgia law, a plaintiff states a claim for breach of contract when he alleges:(1) the parties had a contract, (2) which the defendant breached, and (3) the plaintiff suffered damages." <u>Brenner v. Future Graphics, LLC</u>, No. 1:06-CV-0362-CAP, 2006 U.S. Dist. LEXIS 98271, 2006 WL 6306540, at *4 (N.D. Ga. Nov. 14, 2006). Taking Hand's allegations as true this court should find that Hand has pled sufficient facts to satisfy each of these elements and a claim for breach of contract has been stated. Hand alleged the existence of a contract. (Complaint Paragraph 7, Exhibit A). Hand alleges and offers proof that Defendants breached this contract by adding to the balance of his mortgage unlawful and unauthorized fees and failing to credit payments (Complaint Paragraph 144, 153 - 155,157, 159, 161, 163, 164, , 171, 172, and 174). Those breaches include, but are not limited to, misapplication of payments, unauthorized assessment of fees and expenses and the creation of an unauthorized account labeled "suspense account."  Hand alleges and offers proof that he was damaged by these breaches (Complaint Paragraph 179).

The accounting practices of the Defendants are not without precedent. See <u>Jones v. Wells Fargo</u>, 366 B.R. 584 (Bankr. E.D. La. 2007) (Court found that Wells Fargo applied post petition payments to undisclosed post petition fees and charges before applying those payments to principal and interest thereby overcharging the

debtor by over $13,000.00 in interest. The court described the accounting of the mortgage company as a "tangled mess." See also Blackburn v. BAC Home Loans Servicing, LP, 2012 U.S. Dist. LEXIS 130905 (M.D. Ga. 2012) (Court denied BAC's Motion To Dismiss Plaintiff's claims for breach of contract and RESPA violations based upon BAC's failure to credit payments, charging of unauthorized fees, wrongfully threatening foreclosure, failing to respond to Plaintiff's qualified written request and failing to take failure to take appropriate responsive action.)

## B. VIOLATION OF O.C.G.A. SECTION 13-1-11

Upon the filing of Hand's Chapter 13 petition his mortgage was deaccelerated. Therefore, prior to the assessment of fees and expenses after the date of filing, Defendants were required to reissue the required notice set forth in O.C.G.A. Section 13-1-11. See In re Mansworth Corp., 36 B.R. 335 (Bankr. N.D. Ga. 1984). Mansworth held that the primary result of default acceleration is reversed upon the filing of a Chapter 13 bankruptcy. Therefore, once his bankruptcy case was filed, Defendants could no longer rely upon the prepetition acceleration. Id. at 338. "Statutory attorney fees, as contemplated by O.C.G.A. Section 13-1-11 do not become a lien against secured property where a default on an underlying obligation is cured and reinstated pursuant to the provisions of the bankruptcy code. Mansworth I, at 896. See also In re Taddeo, 685 F.2d 24 (2nd Cir. 1982). And See In re Clark, 299 B.R. 694 (S.D. Bankr. Ga. 2003) wherein the court

acknowledged that state law must be complied with prior to the assessment of fees

both pre and post confirmation. See also, H.R. Rep No. 103-835 at 55 (1994),

*reprinted in* 1994 U.S.C.C.A.N. 3340, 3364; S.Rep No. 103-168 at 53 (1993)

(committee intention to put debtor in same position as if there was never a default

upon confirmation of the plan).

## B. VIOLATION OF O.C.G.A. SECTION 7-4-17

O.C.G.A. Section 7-4-17 reads as follows: Payment applied first to interest;

no interest on unpaid interest; exceptions.

When a payment is made upon any debt, it shall be applied first to the

discharge of any interest due at the time, and the balance, if any, shall be applied to

the reduction of the principal. When Hand's factual allegation are read as true it is

evident that Defendants have not complied with O.C.G.A. Section 7-4-17.

Examples of payments credited contrary to this section can be found in Complaint

paragraph 107. Defendants failure to post Hand's payments, in addition to being a

breach of contract and conversion, also violates O.C.G.A. Section 7-4-17.

## C. VIOLATION OF RESPA

Hand asserts a claim for violation of Real Estate Settlement Procedures Act

(hereinafter "RESPA") 12 U.S.C. Section 2601 et seq. Defendants failed to timely

acknowledge receipt of Hand's QWR. (Complaint Paragraph 135) Defendants

failed to timely respond to the QWR. (Compliant Paragraph 135) Defendants failed

to take corrective action identified in the QWR. (Complaint Paragraph 135)

Defendants violated 12 U.S.C. Section 2609 by requiring an escrow payment

which exceed the allowed amount. And, Defendants violated RESPA by failing to

refund to Hand overages in the escrow account caused by the inflated amount

Hand was required to pay monthly to fund his escrow account. Defendants failed

to notify Hand at least once every 12 months as required by RESPA.

## CONVERSION

Hand has attached sufficient documents to the complaint to prove that

unauthorized fees and expenses were assessed to his account. Hand's complaint

provides year end summaries documenting amounts paid by Hand to Defendants

and their failure to credit Hand with all payments. (Complaint Paragraphs 93 - 96,

153, 154, 168, 169, and 177). The Complaint outlines the basis of all the

aforementioned accusations. When taken as true these allegations will state a claim

for conversion. Hand paid his money to Defendant therefore Hand can prove

ownership of the funds prior to tender. Hand alleges that these funds were received

by the Defendant and either misapplied or not credited at all therefore the element

of actual possession of the property by the Defendant has been established. Hand

has documented numerous attempts to have his payments properly applied to his

account - the biggest of which was the Adversary filed in Bankruptcy Court. These

attempts to resolve the accounting errors in his account evidence a demand by Hand that the funds be returned. Even after reviewing the Adversary complaint, Defendants failed to refund any monies to Hand or correct any accounting errors. The fact that this case was filed evidences Hand's assertion that Defendant has failed to return the property. Since the property is money its value is evident. Therefore, Hand believes all elements of conversion set forth in <u>Eleison Composites, LLC v. Wachovia Bank, N.A.</u>, 267 Fed. Appx. 918, 923 (11th Cir. 2008) have been satisfied.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Hand respectfully request that this Court deny Defendants' Motion To Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6).

This ___18___ day of December, 2012.

s/Angela McElroy-Magruder
_____

Angela McElroy Magruder
Attorney For Plaintiff
Georgia. Bar No. 113625
Claeys McElroy Magruder & Kitchens
512 Telfair St.
Augusta, Ga. 30901
(706)724-6000 (telephone)
(706)724-3363 (facsimile)
mcelroymagruder@aol.com

- 14 -

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RICHARD HAND,                    )      CIVIL ACTION FILE
                                 )      NO. 1:12-cv-00176-JRH-WLB
                                 )
        Plaintiff,               )
                                 )
                                 )
V.                               )
                                 )
CITIMORTGAGE, INC.;              )
LASALLE BANK, N.A.;              )
CENLAR FEDERAL SAVINGS BANK,     )
                                 )
                                 )
        Defendants.              )
                                 )
                                 )
_____

**CERTIFICATE OF SERVICE FONT AND MARGINS**

I hereby certify that on December __18__, 2012, I electronically filed the

foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS BANK OF AMERICA,

N.A., AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AND

CENLAR FEDERAL SAVINGS BANK'S MOTION TO DISMISS PLAINTIFF'S

COMPLAINT with the Clerk of the Court using the CM/ECF System which will

electronically deliver a copy to the counsel and parties of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of the Court.

This __18__ day of December, 2012.

s/Angela McElroy-Magruder
_____

Angela McElroy Magruder
Attorney For Plaintiff
Georgia. Bar No. 113625
Claeys McElroy Magruder & Kitchens
512 Telfair St.
Augusta, Ga. 30901
(706)724-6000 (telephone)
(706)724-3363 (facsimile)
mcelroymagruder@aol.com