IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD HAND, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:12-cv-00176-JRH-WLB |
| v. | ) | |
| | ) | |
| CITIMORTGAGE, INC.; | ) | |
| LASALLE BANK, N.A.; | ) | |
| CENLAR FEDERAL SAVINGS BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>REPLY IN SUPPORT OF MOVING DEFENDANTS'<br>MOTION TO DISMISS</u>

COME NOW Defendants Bank of America, N.A. ("BANA"), as successor by merger to LaSalle Bank, N.A. ("LaSalle"),[1] and Cenlar Federal Savings Bank (Cenlar) (collectively, "Moving Defendants"), by and through counsel, and hereby file their Reply ("Reply") in support of their Motion to Dismiss Plaintiff's Complaint ("Complaint" or "Compl.").

In support thereof, Moving Defendants provide the following memorandum of points and authorities.

---

[1]   As of October 17, 2008, LaSalle Bank, N.A. merged with and into Bank of America, N.A. and no longer exists as a separate legal entity.  Therefore, Bank of America, N.A. files this Reply as successor by merger to LaSalle Bank, N.A.

## INTRODUCTION

Moving Defendants filed their Motion to Dismiss Plaintiff's Complaint on November 28, 2012 ("Motion").[2]  Plaintiff Richard Hand ("Plaintiff") filed his Memorandum of Law in Support of Plaintiff's Response to the Motion on December 18, 2012 ("Response").  Despite the allegations in the Complaint and his Response, Plaintiff's claims remain insufficiently pleaded and fail as a matter of law.  In particular, Plaintiff has failed to set forth any non-conclusory factual matter to support his purported claims while the allegations of the Complaint affirmatively demonstrate that he has no right to relief.  As a consequence, the Motion must be granted.

### ARGUMENT AND CITATION OF AUTHORITIES

**I.   PLAINTIFF'S CLAIMS ARE BARRED IN PART BY THE DOCTRINES OF *RES JUDICATA* AND COLLATERAL ESTOPPEL.**

Plaintiff's Response argues that the Bankruptcy Court's March 26, 2009 Order dismissing the exact same complaint in Plaintiff's Adversary Proceeding was not a dismissal on the merits and that the dismissal was predicated only upon a

---

[2]   Contrary to Plaintiff's assertion in his Response, the Motion was not untimely filed.  Pursuant to Georgia state practice, a defendant may not file a motion to dismiss in lieu of an answer and must answer the complaint. O.C.G.A. § 9-11-12.  When Moving Defendants filed their respective Answers in state court, they each pled that the Complaint failed to state a claim to relief and preserved the right to file a motion to dismiss. *See* Cenlar Answer, p. 1; BANA Answer, p. 1.

lack of jurisdiction. *See* Response, Part I.  This assertion is false and misleading to this Court.

In particular, the Bankruptcy Court ordered that (1) to the extent that Plaintiff sought to re-litigate the propriety of the loan's pre-petition, pre-confirmation accounting, any such claims were barred by the *res judicata* effect of the Jan. 28, 2005 Consent Order in the underlying bankruptcy case; (2) to the extent that Plaintiff sought to litigate the propriety of post-confirmation and post-discharge accounting, such claims (if any) derive from state law and are not subject to the Bankruptcy Court's jurisdiction; (3) Defendants' alleged conduct did not violate either the bankruptcy stay or the discharge; and (4) Bankruptcy Court approval was not required for post-confirmation assessment of attorneys' fees. *See* Order at Motion, Notice of Supplemental Authority, Exh. 1.

Here, Plaintiff seeks to re-litigate the propriety of the application of his payments which occurred prior to entry of the September 9, 2004 confirmation and the January 28, 2005 Consent Order fixing the amount of the arrearage. *See, e.g.,* Compl., ¶¶ 12-83, 145-159.  Plaintiff makes no meaningful attempt in his Complaint to distinguish between the amounts he claims are due for activity before the confirmation or the Consent Order and those he claims are due for subsequent activity.  To the extent that Plaintiff's claims rely upon his assertions of

unauthorized fees and improper application of payments prior to the September 9, 2004 confirmation or the January 28, 2005 Consent Order, the claims are barred by the doctrines of *res judicata* and collateral estoppel.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR ANY OF HIS INDIVIDUAL CAUSES OF ACTION.

Beyond the aforesaid underlying deficiencies, Plaintiff's individual causes of action fail because (1) they are improperly pleaded; (2) they are not supported by the well-pleaded allegations of the Complaint; or (3) they otherwise internally fail.

### (A) PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT.

In their Motion, Moving Defendants emphasized to the Court that Plaintiff's breach of contract claim fails because: (1) Plaintiff's assertions of pre-confirmation breaches of contract for unauthorized fees and improper accounting as well as his averment that such fees were unauthorized because they were not approved by the Bankruptcy Court (Compl. ¶ 159) were barred by the *res judicata* effect of the January 28, 2005 Consent Order; (2) Plaintiff has failed to demonstrate that the subject fee assessments were not authorized by the terms of his Promissory Note and/or Security Deed; (3) Plaintiff has failed to demonstrate that there has been any misapplication of payments contrary to the terms of his Promissory Note and/or Security Deed; and (4) Plaintiff has failed to identify a specific provision of the

Promissory Note or Security Deed which has allegedly been breached by Moving Defendants. *See* Motion, Part III.A.

Plaintiff only partially responds to these contentions, merely citing to the Complaint's conclusory allegations of breach as well as citing to other banks' practices at issue in other lawsuits, practices that have no bearing on the allegations of his Complaint. *See* Response, Part 3.A.  In doing so, Plaintiff neglects to explain to the Court how the fees were not authorized by the terms of the loan documents or how the application of payments was inconsistent with said terms.  These failures strike at the very heart of Plaintiff's inability to state a claim for breach of contract – Plaintiff has wholly failed to identify any contractual provision purportedly breached by Moving Defendants. *See Am. Casual Dining, L.P. v. Moe's Southwest Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. Apr. 5, 2006) (citing *Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005)) ("Because [plaintiff] cannot point to any contractual provision that [defendant] breached by failing to act in the manner set forth above, [plaintiff] cannot state a claim for breach of contract based on these allegations.").  Not only is such an identification absent from the Complaint, Plaintiff's Response also fails to identify a specific contractual provision at issue, neglecting to respond to this authority.

For these reasons, Plaintiff's breach of contract claim must be dismissed with prejudice pursuant to Rule 12(b)(6).

## (B)   PLAINTIFF FAILS TO STATE A CLAIM FOR CONVERSION.

The Motion emphasizes to the Court that Plaintiff has failed to allege the existence of all of the elements of a conversion claim.  Those elements are: (1) proof of ownership or title in the plaintiff to the disputed property, or the plaintiff's right to immediate possession of the property; (2) actual possession of the property by the defendant; (3) demand by the plaintiff for the return of the property; (4) the defendant's refusal to return the property; and (5) the value of the property.  *See Eleison Composites, LLC v. Wachovia Bank, N.A.,* 267 Fed. Appx. 918, 923 (11th Cir. 2008) (citations omitted).

As Plaintiff refers to his claim as one "to have his payments properly applied to his account," he has affirmatively demonstrated that Moving Defendants are not in possession of funds which he rightfully owns. *See* Response, p. 13.  Indeed, by the very facts pleaded by him, Plaintiff willingly and knowingly paid the subject amounts, amounts which his allegations fail to establish were not due and owing. By intentionally making these payments, Plaintiff relinquished his claim to ownership of the money.  Plaintiff may not assert a claim for conversion where he consented to and willingly participated in making the payments.  Simply, Moving

Defendants cannot be liable for "converting" funds which are due and paid under the terms of the loan documents and no longer Plaintiff's property.

While Plaintiff strives mightily to persuade this Court that the filing of the Adversary Proceeding and the instant Complaint constitute a demand for "return" of the purportedly converted funds, his pleadings seek no such return.  Rather, as Plaintiff himself has pointed out, he instead seeks "proper application" of the funds paid. *Id.*  Plaintiff does not allege in his Complaint that he has made a demand for "return" of any of his property or that Moving Defendants refused this demand.  As a consequence, he has failed to allege these two necessary elements of a claim for conversion.

Finally, Plaintiff acknowledges that he must allege the value of the purportedly converted property but strangely argues that, "Since the property is money its value is evident." *Id.* at p. 14.  This is a confusing *non-sequitur*.  In order to state a claim for conversion, Plaintiff must identify the exact property allegedly converted and the value of that property. *See Eleison,* 267 Fed. Appx. at 923.  At no point in the Complaint does Plaintiff (1) allege exactly how much money has been purportedly converted, (2) attempt to itemize or calculate this figure, or (3) set forth any allegations with sufficient clarity to enable such a calculation by Moving Defendants or the Court.

For all of these reasons, Plaintiff has failed to state a claim for conversion and this count must be dismissed with prejudice.

**(C)   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF RESPA.**

Moving Defendants note in the Motion that Plaintiff's attachment of the RESPA response he received defeats his claim under this statute. *See* Motion, Part III.C. (citing Compl., ¶ 135 and Exh. SSS).  In response, Plaintiff falsely argues that the following allegations are found in Paragraph 135 of his Complaint – (1) that Defendants failed to timely acknowledge receipt of Plaintiff's QWR; (2) that Defendants failed to timely respond to the QWR; and (3) that Defendants failed to take corrective action identified in the QWR. *See* Response, Part 3.C.  However, one need only read Paragraph 135 to see that not one of these assertions is found therein. *See* Compl., ¶ 135 (averring only that, "In response to a Qualified Written Request issued under the [RESPA], Cenlar Federal, assignee of LaSalle who was the assignee of ABN, some detailed information regarding [Plaintiff's] account was provided to [Plaintiff]. **Exhibit SSS Response to RESPA Qualified Written Request.**") (emph. in orig.).

As discussed in the Motion, Plaintiff's quarrel with the accuracy of the information provided does not constitute a RESPA violation. *See* Motion, Part

III.C.  Upon receipt of a proper QWR, RESPA provides that a servicer complies

with its obligations so long as it:

> (B) after conducting an investigation, provide[s] the borrower with a written
> explanation or clarification that includes--
> (i) to the extent applicable, a statement of the reasons for which the servicer
> believes the account of the borrower is correct as determined by the servicer; and
> (ii) the name and telephone number of an individual employed by, or the
> office or department of, the servicer who can provide assistance to the borrower.

*See* 12 U.S.C. § 2605(e)(2)(B).  Plaintiff's attachment of Exhibit SSS to his

Complaint demonstrates that Moving Defendants complied with these statutory

obligations.

Plaintiff's Response further argues that Moving Defendants violated 12

U.S.C. § 2609 by overcharging escrows and failing to "notify [Plaintiff] at least

once every 12 months." *See* Response, Part 3.C.  Neither of these new contentions

is found in the Complaint.  In fact, there is no mention of 12 U.S.C. § 2609 in the

Complaint whatsoever.  Moreover, to the extent that Plaintiff argues that RESPA

requires complete precision in estimating future escrow payments, there is no such

requirement.  On the contrary, a lender is only prohibited from collecting an

amount in excess of what is necessary to pay "the total amount of the ***estimated***

taxes, insurance premiums and other charges which are ***reasonably anticipated*** to

be paid" over the coming twelve-month period. 12 U.S.C. § 2609(a)(2).  While

Plaintiff quibbles over the amounts he was billed, he has failed to show that such

collections were in excess of the amount of the estimated, reasonably anticipated charges to be paid toward taxes and insurance over any particular twelve-month period.  As RESPA requires yearly reconciliations of escrow accounts as well as refunds if there is a surplus, Plaintiff does not allege that there were surpluses which were owed yet not paid.

It is evident that Plaintiff has failed to state a claim for violations of RESPA and that this count must be dismissed with prejudice.

### (D)   PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATIONS OF O.C.G.A. § 13-1-11.

Plaintiff posits in his Response that the O.C.G.A. § 13-1-11 letter he attaches to his Complaint as Exhibit T does not demonstrate compliance with this statute because his bankruptcy filing cleansed the default, essentially requiring that a new letter be sent before attorney's fees could be added to his loan balance.  *See* Response, Part 3.B.  Lost in Plaintiff's argument is that his allegations make clear that the attorney's fees he complains of were assessed against him by ABN AMRO Mortgage Group, Inc. in 2005 and not by Moving Defendants.  *See* Compl., ¶ 95.  As such, Plaintiff has failed to demonstrate or allege that either of Moving Defendants assessed any attorney's fees against him, much less that they assessed such fees against him without providing a notice per O.C.G.A. § 13-1-11.  This

insufficient cause of action must be dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim.

**(E)   THE COMPLAINT CONTAINS NO CAUSE OF ACTION PERTAINING TO O.C.G.A. § 7-4-17.**

Plaintiff's Response strangely contends that he has asserted a state law cause of action for violation of O.C.G.A. § 7-4-17 and devotes a section of his brief to a discussion of the impact of this statute. *See* Response, pp. 7, 12.  However, there is no mention in the Complaint of O.C.G.A. § 7-4-17 whatsoever.  Beyond that, Plaintiff's allegations fail to demonstrate that the application of his loan payments did not comport with the requirements of this statute.  Indeed, Plaintiff here simply concludes that, "When [Plaintiff's] factual allegation [sic] are read is true it is evident that Defendants have not complied with" the statute, citing to his allegations in Paragraph 107 of the Complaint yet failing to explain how so. *See* Response, p. 12.  Notably, this paragraph contains no such discussion, merely listing fees which were assessed against Plaintiff's account in 2006. *See* Compl., ¶ 107.  There is no discussion of the impact of these fees on any application of payments to interest before principal. *Id.*  Moreover, as these fees were purportedly imposed in 2006, Plaintiff has demonstrated that Moving Defendants played no role in their imposition, since he acknowledges elsewhere in the Complaint that they did not begin servicing the loan until July 2007. *See* Compl., ¶ 114, Exh.

CCC.   To the extent that Plaintiff advances a claim under the statute, it is inadequate and must be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, Moving Defendants respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint for failure to state a claim.

This 7th day of January, 2013.

_/s/ Andrew G. Phillips_
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia  30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A., as successor by merger to LaSalle Bank, N.A., and Cenlar Federal Savings Bank*

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RICHARD HAND,                          )
                                       )
        Plaintiffs,                    )        CIVIL ACTION FILE
                                       )        NO. 1:12-cv-00176-JRH-WLB
v.                                     )
                                       )
CITIMORTGAGE, INC.;                    )
LASALLE BANK, N.A.;                    )
CENLAR FEDERAL SAVINGS BANK,           )
                                       )
        Defendants.                    )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2013, I electronically filed the foregoing

*REPLY IN SUPPORT OF MOVING DEFENDANTS' MOTION TO DISMISS* with

the Clerk of the Court using the CM/ECF System, which will electronically deliver

a copy to the counsel and parties of record.


                        /s/ Andrew G. Phillips
                        Andrew G. Phillips